IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRENT W. MYERS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-0493-P |
| | § | |
| JOHN DOE, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Brent W. Myers, a Texas prisoner, alleging use of excessive force and inadequate medical care by three "John Doe" defendants. On March 10, 2010, plaintiff tendered a form civil rights complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his suit, including the identities of the defendants. Plaintiff answered the interrogatories on April 1, 2010, but was unable to name the defendants or provide more descriptive information. The court now determines that this case should be summarily dismissed without prejudice.

II.

On March 8, 2008, plaintiff was arrested by a "uniformed white male Dallas police officer" for an unspecified criminal offense. (*See* Plf. Compl. at 5). After plaintiff was handcuffed, he alleges that the unknown officer, who was approximately 28 years old, 5' 10" tall, 200 pounds, with brown or reddish brown hair, punched him in the left eye without provocation, causing pain and a bruised cornea. (*See id.*; Mag. J. Interrog. #6). A paramedic at the scene, described by plaintiff as a 27 year-old white male with dark hair, approximately 5' 9" tall and weighing 180 pounds, allegedly failed to provide medical treatment for his eye injury. (*See* Plf. Compl. at 5; Mag. J. Interrog. #6). Neither did a black female jail medic, who plaintiff describes as approximately 30 years old, 5' 7" tall, and 160 pounds. (*See* Plf. Compl. at 6; Mag. J. Interrog. #6). Plaintiff did not receive medical care for his injury for three days. (*See* Plf. Compl. at 6). As a result of this delay, plaintiff contends that he suffered extreme physical pain, mental and emotional distress, and loss of vision. (*Id.*). By this suit, plaintiff seeks more than $500,000 in compensatory and punitive damages.

III.

The only defendants named by plaintiff in his complaint are the "John Doe" police officer, the "John Doe" paramedic, and the "Jane Doe" jail medic. "Neither the Federal Rules of Civil Procedure nor 42 U.S.C. § 1983 provides authority for joining fictitious defendants in this suit." *Vollmer v. Bowles*, No. 3-96-CV-0081-D, 1997 WL 102476 at *2 (N.D. Tex. Feb. 28, 1997), *citing Taylor v. Federal Home Loan Bank Bd.*, 661 F.Supp. 1341, 1350 (N.D. Tex. 1986). Although some courts have allowed the fictitious designation of defendants where their true identities can be learned only through discovery, *see Gallegos v. Slidell Police Dept.*, No. 07-6636, 2008 WL 1794170 at *2 (E.D. La. Apr. 18, 2008) (citing cases), a plaintiff must identify potential defendants with enough specificity to enable the court to direct service of process. *See Staritz v. Valdez*, No. 3-06-CV-1926-

D, 2007 WL 1498285 at *2 (N.D. Tex. May 21, 2007). Here, plaintiff was given an opportunity, through written interrogatories, to identify the defendants. However, his physical descriptions of the Dallas police officer, the paramedic, and the jail medic are too general to ensure that the proper defendants are served. Moreover, plaintiff has had more than *two years* to learn the names of the parties he maintains are responsible for his injuries. Under these circumstances, dismissal is proper.[1]

### **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed without prejudice for failure to identify the defendants with enough specificity to enable service of process.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[1] Plaintiff recently filed a motion for leave to amend his complaint. (*See* Doc. #9). However, nothing in the proposed amendment identifies the defendants with enough specificity to enable the court to direct service of process.

DATED: April 14, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE